

**PAYTON GEORGE**
**Attorney**
**(612) 492-6632**
**george.payton@dorsey.com**

October 13, 2020

**VIA ELECTRONIC FILING**

Judge John R. Tunheim
Chief U.S. District Judge, District of Minnesota
United States District Court
Courtroom 15
300 South Fourth Street
Minneapolis, MN 55415

Re: Peakspeed Inc. v. Emerson, No. 20-cv-1630-JRT-BRT

Dear Judge Tunheim:

I write to address certain arguments made in Defendant Timothy Emerson's ("Defendant") letter objection (ECF No. 49, "Obj.") to certain evidence submitted with Plaintiff Peakspeed, Inc.'s ("Peakspeed") Reply in Support of Motion for Preliminary Injunction (ECF No. 45).

First, Defendant's argument that Peakspeed's rebuttal evidence submitted with its Reply violates Local Rule 7.1 is wrong. Defendant only selectively cites a portion of the 1999 Advisory Committee's Note to Local Rule 7.1(b)(2). The Note, in its entirety, reads as follows:

> Rule 7.1(b)(2) specifically contemplates that the factual basis for a dispositive motion will be established with affidavits and exhibits served and filed in conjunction with the initial motion and the responding party's memorandum of law. Although the rule makes provision for a Reply Memorandum, it neither permits *nor prohibits the moving party from filing affidavits or other factual material therewith*. The rule contemplates that the discovery record will allow the initial summary judgment submission to anticipate and address the responding party's factual claims. *Reply affidavits are appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated*. It is improper to withhold information - either from discovery or from initial moving papers - in order to gain an advantage.

D. Minn. L.R. 7.1(b)(2) advisory committee's note to 1999 amendment (emphasis added). The Committee clearly acknowledged that, in certain situations, reply memoranda may need to include additional facts, exhibits, and affidavits to respond to arguments raised in oppositions. Peakspeed did not "withhold information" when filing its opening memorandum in support of its Motion for Preliminary Injunction. Rather, the Court allowed expedited discovery. The expedited





discovery was not just for Defendant's benefit "to investigate the evidence [Peakspeed] relied on in its motion," but for the benefit for both Parties to investigate all the claims at issue. *See* Obj. 2. This expedited discovery yielded hours of deposition testimony and thousands of documents produced by both Parties. Peakspeed did not have access to much of this evidence (certainly not Defendant's deposition) when it filed its opening memorandum, and thus could not have possibly included it at the start of the case. In addition, Defendant raised incredulous factual assertions in his declaration that were completely refuted with the evidence adduced during discovery. Furthermore, "there is plenty of case law establishing that evidence submitted in direct response raised in an opposition . . . is not new." *FTC v. Kutzner*, No. CV 16-00999-BRO (AFMx), 2016 U.S. Dist. LEXIS 189695, at *25-26 (C.D. Cal. Aug. 24, 2016).

Second, Defendant's objection that he was "denied the opportunity to depose Mr. Eaton about" the contents of his declaration filed with Peakspeed's Reply memorandum is baseless. Obj. 2. Mr. Eaton's second declaration centers on his funding of all operations and expenses associated with the development of the software at issue in this dispute from December 2019 until Defendant left in early July 2020. *See* ECF No. 46. Defendant had an opportunity to depose Mr. Eaton related to this funding, and indeed did. The factual statements contained in and evidence attached to Mr. Eaton's second declaration are in direct rebuttal to several of Defendant's arguments, such as his assertion that Peakspeed employees were "paid by EmersonAI (from its Wells Fargo business checking account)." ECF No. 33, at 11. As such, Defendant's objections are misplaced.

Third, Defendant is simply incorrect that he "was entirely denied the opportunity to depose Mr. Kramer." Obj. 2. In fact, counsel for Peakspeed made Mr. Kramer available for deposition and provided counsel for Defendant with the dates for the deposition. In response, Defendant's counsel picked a date for the deposition but stated that he was "not sure if [Mr. Kramer's] deposition will be necessary." Attached to this letter as Exhibit 1 is a true and correct copy of this email exchange between counsel for the Parties. Defendant's counsel never followed-up regarding Mr. Kramer's deposition and let the expedited discovery period lapse. The decision not to depose Mr. Kramer was Defendant's alone.

In addition, Mr. Kramer's declaration directly rebuts, among other things, Defendant's contention in his declaration and arguments that the July 2020 TrueView source code is substantially similar to the December 2019 TrueView source code, and that "the majority of the work on TrueView in 2020 was simply reorganizing and adding better documentation into the code base that [Defendant] wrote." *See* ECF No. 33, at 4–5 (quotations omitted). Again, factual evidence that directly rebuts evidence and arguments contained in an opposition is appropriate on reply.

Finally, Defendant has used an inappropriate method to request the relief he seeks. Defendant "requests that the Court strike or ignore" the evidence and declarations submitted by Peakspeed. Obj. 2. However, an informal letter to the Court is not the proper procedure for seeking this relief. Defendant should have filed a motion to strike, which would have afforded Peakspeed appropriate notice and opportunity to respond. *See* Fed. R. Civ. P. 27(a)(1) ("An






application for an order or other relief is made by motion unless these rules prescribe another form."). Thus, the Court should disregard his "objection."

Sincerely,

DORSEY & WHITNEY LLP

s/ Payton George
Payton George
Attorney

# Exhibit 1

**From:** Christopher Evans
**To:** Bjorklund, Shannon
**Cc:** Zayed, RJ; George, Payton
**Subject:** [EXTERNAL] RE: PeakSpeed v. Emerson: introduction, PO, depos
**Date:** Friday, September 4, 2020 10:05:37 AM
**Attachments:** image001.png

---

Shannon,

For Mr. Kramer the 17th works for me but I am not sure if his deposition will be necessary, I will let you know after I depose Mr. Eaton/Peakspeed next week. Also, we are working to produce documents to you by September 11 (maybe sooner) and also provide our interrogatory answers on that same day. Will you be producing any documents or interrogatory responses before Mr. Eaton's deposition?

Sincerely,

Chris Evans

---

**From:** Christopher Evans
**Sent:** Friday, September 4, 2020 6:49 AM
**To:** bjorklund.shannon@dorsey.com
**Cc:** zayed.rj@dorsey.com; george.payton@dorsey.com
**Subject:** RE: PeakSpeed v. Emerson: introduction, PO, depos

Shannon,

Thanks for sending this over. I am fine with that form of protective order and you have my permission to add my signature and go ahead and file it.

Sincerely,

Chris Evans

---

**From:** bjorklund.shannon@dorsey.com <bjorklund.shannon@dorsey.com>
**Sent:** Thursday, September 3, 2020 4:44 PM
**To:** Christopher Evans <chris@clefirm.com>
**Cc:** zayed.rj@dorsey.com; george.payton@dorsey.com
**Subject:** PeakSpeed v. Emerson: introduction, PO, depos

Chris,

As RJ said, I'm stepping in for Forrest, who is off enjoying his new baby boy. I look forward to working with you on this case. I know you and RJ have exchanged emails on a number of depo and discovery topics, but I wanted to raise two more things:

- Protective order: I understand you and Forrest agreed that a two-tier protective order is appropriate here. Attached is a shell, which copies the District of Minnesota form exactly. Please let us know whether it looks acceptable, and whether we can add your /s/ and file.

- Deposition of Oscar Kramer: we propose having Oscar's deposition on 9/15, 9/16 or 9/17. Do any of those dates work for you?

Thanks,

**Shannon L. Bjorklund**
**Partner**




DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street | Minneapolis, MN 55402-1498
**P:** 612.492.6636 **F:** 612.677.3086 **M:** 651.253.2914

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

