# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Peakspeed, Inc.<br><br>                  Plaintiff,<br><br>v.<br><br>Timothy Emerson,<br><br>                  Defendant. | Civil File No. 0:20-cv-01630-JRT-BRT<br><br>**DEFENDANT'S OPPOSITION TO PEAKSPEED'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE** |

# I. Introduction

Peakspeed's Motion to Compel the TrueView source code that EmersonAI copyrighted should be denied for two reasons. First, Peakspeed has not served a timely request for production seeking the TrueView source code that EmersonAI copyrighted. Second, Peakspeed's motion is moot since Defendant has offered to allow an inspection of the source code Peakspeed seeks.

# II. Argument

**A. Peakspeed has not served a timely request for the TrueView source code that EmersonAI copyrighted.**

Peakspeed is asking the Court to compel the production of the "full version of the TrueView code that Defendant registered on July 8, 2020."[1] Peakspeed has identified the four requests for production reproduced below as seeking this information:

| Peakspeed's First Set of RFPs | Peakspeed's Second Set of RFPs |
|---|---|
| **Request No. 1**: Native files of any versions of the CPU and FPGA-source code for TrueView that You contend You created on or before December 31, 2019. | **Request No. 1**: All documents that refer or relate to the Copyright registration of any work authored by you, including, but not limited to, "OrthoTop" (Registration No. TXu002205218 / 2020-07-08).<br><br>**Request No. 2**: All communications that refer or relate to the Copyright registration of any work authored by |

---

[1] Dkt. 52 at 4.

|  | you, including, but not limited to, "OrthoTop" (Registration No. TXu002205218 / 2020-07-08).<br><br>**Request No. 3**: All documents submitted to the United States Copyright Office relating to the registration of "OrthoTop" (Registration No. TXu002205218 / 2020-07-08) including, but not limited to, the application and deposit. |
|---|---|

The Court should deny Peakspeed's request to compel the information because (1) three of the four requests are not ripe since Defendant served them less than 30 days ago and (2) no documents exist that are responsive to the remaining request for production.

First, the three requests from Peakspeed's Second Set of Requests for Production are not ripe since Defendant's 30-day deadline to respond to them is October 19, 2020. Peakspeed served its Second Set of Requests for Production on September 17, 2020 at 11:21 p.m. This is 39 minutes before the deadline *to complete* the discovery authorized by Chief Judge Tunheim.[2]

> Counsel discuss plaintiff's Motion for Preliminary Injunction. The parties should commence discovery and complete it by September 17, 2020. Defendant will file his Motion to Dismiss for Lack of Jurisdiction and any response to by plaintiff's Motion for Preliminary Injunction by October 1, 2020. Plaintiff shall file any response and reply by October 8, 2020.

Defendant could not possibly complete production of the requested documents in that time. As a result, these requests should not be considered

---

[2] Dkt. 19.

served until the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(B) ("The request is considered to have been served at the first Rule 26(f) conference."). But even if they were properly served on September 17, 2020, Defendant's 30-day deadline to respond in writing would be October 19, 2020. Fed. R. Civ. P. 34(b)(2). And this 30-day period may only be modified by a Court order or stipulation, neither of which has occurred. *Id.* Accordingly, Peakspeed's Second Requests for Production are not yet ripe and cannot be compelled.

Second, no documents responsive to Peakspeed's remaining request for production exist. Peakspeed's last request seeks "Native files of any versions of the CPU and FPGA-source code for TrueView that You contend You created on or before December 31, 2019."[3] But the TrueView source code has been continuously iterated upon by Mr. Emerson from early 2019 through the present.[4] As a result, versions of the TrueView source code that pre-date December 31, 2019, as Peakspeed requested, do not exist. The Court cannot compel Defendant to create (or recreate) the TrueView source code as it existed on or before December 31, 2019 to satisfy Peakspeed's discovery request. *See, e.g., Lamar Advertising of South Dakota, Inc. v. Kay*, CIV. 07-5091-KES, 2010 WL 758786, at *13 (D.S.D. Mar. 1, 2010) ("[T]he

---

[3] Dkt. 52 at 2.
[4] Dkt. 35-1: Emerson Depo. at 101:24-103:9

— 3 —

court cannot order parties to create or produce new documents in order to respond to an opposing party's discovery request.").

Accordingly, the Court should deny Peakspeed's motion to compel.

**B. Peakspeed's Motion to Compel is moot since Defendant has agreed to allow an inspection of the TrueView source code.**

Additionally, Peakspeed's motion to compel should also be denied as moot since Defendant has agreed to allow Peakspeed to inspect the TrueView source code copyrighted by EmersonAI.[5] Under Rule 34(b)(2)(B), Peakspeed is permitted to make documents available for inspection rather than producing them. Fed. R. Civ. P. 34 ("For each item or category, the response must either state *that inspection* and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information *instead of permitting inspection*.") (emphasis added).

**C. The TrueView source code is EmeronAI's most valuable trade secret that cannot be produced without additional protections.**

For EmersonAI, and other companies that develop software, source code is often the most valuable and most sensitive information they possess.[6] Developing source code requires a substantial investment of time,

---

[5] Dkt. 53-6.
[6] Dkt. 34 at ¶ 7.

— 4 —

money, and resources, and the TrueView source code embodies more than a year of Timothy Emerson's work.[7] The TrueView source code has never been made available to the public.

The protection of source code is particularly difficult because source code, if misappropriated or inadvertently disclosed, can spread easily in today's internet-based society, with dramatic consequences. The value of source code depends, at least in part, on it not being generally known, so any disclosure will effectively wipe out the author's substantial investment and is truly irreparable in nature. The genie cannot be put back in the bottle.

Because source code is so sensitive, courts generally allow it to be made available for inspection on a non-networked computer. This is reflected in numerous model protective orders, such as the Model Protective Order for the Northern District of California.[8] This is what Defendant has proposed.

### III. Conclusion

Peakspeed has not served any requests that seek the source code it asks to be compelled and its motion is moot since Defendant has agreed to make the source code it seeks available for inspection. Accordingly, Peakspeed's motion to compel should be denied.

---

[7] Dkt. 24 at ¶¶ 8-88, 113; Dkt. 35-1 at 97:5-103:9.
[8] Ex. 1 (https://www.cand.uscourts.gov/forms/model-protective-orders/).

|  |  |
|---|---|
|  | CHRIS EVANS FIRM LLC |
| Dated: October 14, 2020 | By /s/ Christopher L. Evans<br>Christopher L. Evans*<br>7260 E. Geddes Pl<br>Centennial, CO 80112<br>Telephone: (214) 394-6779<br>chris@clefirm.com<br>*Admitted pro hac vice |
|  | Dawn C. Van Tassel #297525<br>VAN TASSEL LAW FIRM, LLC<br>2909 South Wayzata Boulevard<br>Minneapolis, MN 55405<br>Telephone: (612) 460-0625<br>dawn@dawnvantassel.com |
|  | Attorneys for Defendant Timothy Emerson |

— 6 —