# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Peakspeed, Inc., | Civ. No. 20-1630 (JRT/BRT) |
| Plaintiff, | |
| v. | |
| Timothy Emerson, EmersonAI LLC, and Emerson Consulting LLC, | **PRETRIAL SCHEDULING ORDER** |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

## STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal motion is not necessary unless the provision below applies. Any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied. Agreement between the parties is not sufficient. Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

## MODIFICATION OF A SCHEDULING ORDER—CIRCUMSTANCES WHERE MOTION IS REQUIRED

If any portion of a proposed amended scheduling order seeks to resurrect an expired deadline, or is opposed, a motion to modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed any issues about preserving discoverable information. The parties have also discussed the scope of discovery, including relevance and proportionality. The parties agree on the following:

> At this time, the parties do not require an electronically stored information protocol for this case, aside from the terms describing the production of source code outlined in the Amended Protective Order. (Doc. No. 64.)

The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

## DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **February 19, 2021**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party must provide a copy of their initial disclosure documents by **February 19, 2021**, to the extent they are in that party's possession and control.

2. The parties must commence fact discovery procedures in time to be completed on or before **September 17, 2021**.[1]

---

[1] This Scheduling Order may permit discovery after other deadlines have passed. As just one example, a motion to amend deadline may expire during the discovery period

(Footnote continued on next page)

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side.

2. No more than 35 document requests shall be served by each side.[2] Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 35 requests for admissions shall be served by each side.

4. No more than 10 factual depositions, excluding expert witness depositions, shall be taken by each side.

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made per the parties' agreement, which is set forth below:

1. Plaintiff anticipates calling up to 2 experts; 1 expert in the field of computer science and 1 expert on damages. The defendants anticipate calling 2 experts; 1 expert on damages and 1 expert in the field of high-performance computing on FPGAs. Counsel for the parties must meet and confer to confirm the experts and fields no later than **April 1, 2021**. This requirement is intended to avoid

---

(Footnote continued from previous page)
and discovery necessary to meet the deadline must be diligently pursued prior to the expiration of the motion to amend deadline.

[2] This means 35 more total document requests per side in addition to the document requests that were previously served as part of the preliminary injunction discovery period.

surprises and to allow each party to retain and work with experts efficiently. This early deadline also provides the parties time to request any amendment of the scheduling order regarding the sequencing of expert disclosures.

2. The parties must identify experts and submit required expert disclosures, including expert reports, as to any subject on which the party bears the burden of proof, completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), on or before **November 19, 2021**.

3. The identity of any rebuttal expert who may testify in rebuttal to any initial expert and any rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **December 17, 2021**.

4. All expert discovery, including expert depositions, must be completed by **January 21, 2022**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

5. Each side may call up to 2 experts. Each side may take 1 deposition per expert.

## **PRIVILEGE LOG**

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's Complaint was filed in this action. Privilege logs must be provided by the producing party within 14 days of the production from which documents are withheld. The parties must meet and confer by **March 1, 2021** regarding the format for privilege logs and ways to streamline the process and any disputes about the format must be brought to the Court's attention promptly.

*Template date March 2020*

**NON-DISPOSITIVE MOTION DEADLINES**

1. Motions seeking to join other parties must be filed and served by **June 1, 2021**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served by **June 1, 2021**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

3. Motions seeking an amendment of the pleadings to add a claim for punitive damages, if applicable, must be filed and served by **July 14, 2021**.

4. Other non-dispositive motions.

    a) All non-dispositive motions relating to fact discovery must be filed and served by **September 24, 2021**.

    b) All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **January 21, 2022**.

    c) The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling the Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Chambers must be contacted to set the date for submission of the

5

*Template date March 2020*

matter to the Court. When there is no oral argument, the matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties should jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

## **DISCOVERY DISPUTES (NOT INVOLVING THIRD PARTIES)**

Before formally moving for an order relating to discovery or when requesting IDR (as provided below) the movant must request a telephone conference with the Court. This request for a telephone conference must be made well in advance of any upcoming deadlines relating to the discovery dispute. The movant must meet and confer with the opposing side to make the request and coordinate the submission of a SHORT JOINT EMAIL to chambers at thorson_chambers@mnd.uscourts.gov setting forth:

      a)    a short description of the discovery dispute;

      b)    the parties' positions on informal dispute resolution;

*Template date March 2020*

      c)      the deadline for fact discovery and how the discovery dispute affects the deadline; and

      d)      possible dates and times for a telephone conference.

No attachments are permitted. The Court will either then schedule a conference call or will set a schedule for informal dispute resolution letters and a subsequent informal IDR telephone hearing, if necessary. The telephone conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.

## **INFORMAL DISPUTE RESOLUTION (IDR) (NOT INVOLVING THIRD PARTIES)**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.**

If the parties agree to pursue the IDR process, the Court will set up the schedule and process for informal letters to be submitted. The Court will likely set up an informal IDR telephone hearing date. If the parties wish to proceed with IDR in a manner other than that previewed above, the short joint email must include a specific proposal for the Court to consider.

**DISCOVERY DISPUTES – FORMAL MOTION PRACTICE**

As discussed above, except in disputes involving third parties or pursuant to other Court orders, the moving party must first request a telephone conference with the Court. Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. One suggested approach is set forth below.

| |
|---|
| Insert the actual written discovery request |
| Insert the actual response and objections |
| Insert positions after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought (the Court strongly encourages the moving party to submit a detailed proposed order.  Generic proposed orders are not helpful.) |

The history and current status of the dispute should be clear to the Court without having to cross-reference multiple exhibits.

If a party claims that responding to discovery presents an undue burden, the responding party must present evidence supporting this objection in their motion papers.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**DISPOSITIVE MOTIONS**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **March 21, 2022**. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before twenty-one days after the service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed fourteen days after the service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall e-mail Chief Judge John R. Tunheim's chambers at ***tunheim_chambers@mnd.uscourts.gov*** to request a hearing date. Upon receiving a hearing date, time, and location from Judge Tunheim's Courtroom Deputy, the moving party shall file the amended notice of hearing at that time.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing

9

*Template date March 2020*

via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## **PROTECTIVE ORDER**

A protective order is in place. (Doc. No. 64.)

## **FILING DOCUMENTS UNDER SEAL**

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

## **PRIVILEGE/PROTECTION**

The Parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the Parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The Parties' agreement below is adopted and included in this Pretrial Scheduling Order.

> (1) If the Party producing documents (the Producing Party) discovers that it has produced Privileged Materials to the Party receiving the documents (the Receiving Party) and does not wish to waive the privilege, the Producing Party will notify the Receiving Party in writing that Privileged Materials, identified by Bates number(s), have been produced, and provide the Receiving Party with a privilege log identifying the Privileged Materials

10

with sufficient specificity to allow the Receiving Party to evaluate the Producing Party's privilege claim(s). Within ten (10) business days of receiving such written notification from the Producing Party, the Receiving Party will:

(A) Return the production media containing the Privileged Materials;

(B) destroy all other electronic or paper copies of the Privileged Materials in its possession or control; and

(C) Make reasonable efforts to delete the Privileged Materials from any database or other medium in the Receiving Party's possession or control in which the Privileged Materials are electronically stored.

Within five (5) business days of the destruction of all copies of the Privileged Materials in its possession or control, the Receiving Party will provide a written certification confirming such destruction to the Producing Party. Within ten (10) business days following the Producing Party's receipt of such written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the Parties, the Receiving Party with a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials.

(2) If the Receiving Party discovers that it has received one or more Documents from the Producing Party that, in the judgment of the Receiving Party, appear to be Privileged Materials, the Receiving Party promptly will notify the Producing Party in writing that such Documents have been produced, and will identify the Documents by Bates number(s). If the Producing Party notifies the Receiving Party in writing that the Documents are indeed Privileged Materials and that the Producing Party does not wish to waive the privilege, the Receiving Party will take the steps described in Paragraph 1 above regarding the Privileged Materials. Within ten (10) business days following the Producing Party's receipt of the Receiving Party's written notification confirming the destruction of the Privileged Materials, the Producing Party will provide, unless otherwise stipulated by the Parties, the Receiving Party with:

(A) a new production media containing versions of all of the Documents on the original production media, except for the Privileged Materials; and

(B) a privilege log identifying the Privileged Materials.

11

(3) In connection with Documents produced by the Parties, and consistent with FRE 502(b), the inadvertent disclosure of any Document which is subject to a legitimate claim that the Document should have been withheld as Privileged Material shall not waive any privilege for that Document or for the subject matter of the inadvertently disclosed Document in the present case or any other federal or state proceeding.

(4) The Receiving Party and its agents shall not use, copy, transfer, or distribute any information acquired from the Privileged Materials. If the Receiving Party believes that a Document claimed as privileged is not, in fact, Privileged Material and wishes to use or disclose the Document, prior to taking any such action, the Receiving Party will so notify the Producing Party in writing, setting forth the reasons why the Receiving Party does not consider the Document to be privileged, and requesting the Producing Party's consent prior to using or disclosing the Document. The Producing Party promptly will, in writing, either consent to the Receiving Party's use or disclosure of the Document, or advise the Receiving Party that it disagrees with the Receiving Party (setting forth the reasons for this disagreement) and does not consent to the Receiving Party's use or disclosure of the Privileged Material. If the Producing Party does not consent to the Receiving Party's use or disclosure of the Privileged Material, the Receiving Party, in its sole discretion, may promptly take the necessary steps to permit the Court to conduct in camera review to entertain arguments from the Parties and to decide whether the document is protected from disclosure by the asserted privilege(s) and/or whether such protection has been waived or is otherwise inapplicable. In these limited circumstances, the Receiving Party may segregate and retain a single copy of the Privileged Material, solely for seeking Court determination. The Privileged Material will remain segregated and sealed unless and until the Court authorizes the Privileged Material's use or disclosure, subject to the next sentence. In the event that the Court rules that the Receiving Party may use or disclose the Document claimed as privileged but determined to not be privileged or where the privilege has been deemed waived, the Receiving Party must continue to segregate and seal such Document only if the Producing Party notifies the Receiving Party in writing of its intent to appeal the Court's ruling within ten (10) calendar days of receipt of the ruling. If the Receiving Party elects not to take the necessary steps to permit the Court to entertain arguments with regard to such a Document that the Receiving Party believes is not privileged, as to which the Receiving Party believes privilege has been waived or is otherwise inapplicable, the Receiving Party shall not use or disclose the Privileged Material, and will continue to comply with the provisions of this Agreement.

*Template date March 2020*

(5) Any Privileged Material inadvertently disclosed by the Producing Party to the Requesting Party shall be and remain the property of the Producing Party.

(6) This Agreement is intended to be consistent with FRE 502 and is not to be construed to diminish either Party's rights or obligations as therein described.

**SETTLEMENT CONFERENCE**

A settlement conference will take place on **July 23, 2021**. A separate Order for Settlement Conference will be issued.

**TRIAL**

This case will be ready for a **jury** trial on or about **July 21, 2022**. The parties have not yet estimated the length of trial. The parties will update the Court if the matter is not resolved at the settlement conference.

Date:   February 16, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

*Template date March 2020*